57 F.3d 1084
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Emogene S. BERRY, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3054.
 United States Court of Appeals, Federal Circuit.
 June 8, 1995.
 
 Before MICHEL, SCHALL, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Emogene S. Berry seeks review of the final decision of the Merit Systems Protection Board (Board) in Docket No. DA-0831-94-0193-I-1, dismissing her appeal from the August 9, 1993 reconsideration decision of the Office of Personnel Management (OPM) as untimely filed. The February 1, 1994 initial decision of the Board's Administrative Judge (AJ) became final on October 11, 1994, when, over the dissenting opinion of Chairman Erdreich, the Board denied Berry's petition for review. Because the Board did not abuse its discretion in declining to waive the prescribed time limit for Berry's appeal, we affirm.
 
 DISCUSSION
 
 2
 Ms. Berry applied to the OPM for survivor annuity benefits based on the service of her former husband. The OPM denied the application, finding that, under the Spouse Equity Act, her application was not timely filed. See 5 C.F.R. Sec. 831.622(a) (1993). It adhered to its decision upon reconsideration, further finding that, even if Berry had timely filed an application for annuity benefits, she would not qualify because her divorce occurred prior to the relevant threshold date and her former husband's second spouse was receiving a survivor annuity benefit. In its reconsideration decision, the OPM provided the proper information regarding Berry's appeal rights to the Board, specifically advising her to note the 25-day filing requirement. To be timely, the petition for review in this case would have to have been filed with the Board on or before September 3, 1993; it was not filed, however, until November 8, 1993, 65 days past the deadline.
 
 
 3
 The AJ ordered Berry to file evidence and argument showing that good cause existed for her delay in filing. In response, Berry conceded that the OPM had provided instructions for appealing its reconsideration decision but maintained that she had not understood the appeal procedure. She indicated that she contacted her senator's office, as well as three attorneys, but was unable to obtain any assistance in filing her appeal. The AJ considered her response but found it insufficient to establish good cause for a waiver of the filing deadline. As a result, the AJ dismissed the appeal as untimely filed. The full Board denied Berry's petition for review over the dissenting opinion of Chairman Erdreich.
 
 
 4
 We affirm a decision of the Board unless it is found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). More specifically, "[w]e have often stated that whether the regulatory time limit for an appeal [to the Board] should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc) (collecting cases). There is no question in the instant case that the OPM's reconsideration decision clearly and unambiguously advised Berry of the correct time limit for filing an appeal with the Board. Under such circumstances, the Board did not abuse its discretion in concluding that neither an unsupported statement that she did not understand the appeal procedure nor her inability to secure assistance from her senator's office or from legal counsel constitute good cause for Berry's filing delay. See Williams v. Office of Personnel Mgmt., 46 M.S.P.R. 560, 563 (1991) ("A reasonably prudent person, confused about the filing deadline, would have contacted the regional office or the Clerk of the Board for guidance. The appellant failed to do so."); Houghton v. Department of the Army, 55 M.S.P.R. 682, 684 (1992) (inability to obtain assistance of legal counsel or congressional representative does not establish good cause for filing delay). We therefore affirm the Board's dismissal of the appeal as untimely filed.